23419

John R. HARPER, II, Appellant v. The SOUTH CAROLINA DEPART-
MENT OF HIGHWAYS AND PUBLIC TRANSPORTATION; The
South Carolina Commission on Alcohol and Drug Abuse; and the
Lexington/Richland Alcohol and Drug Abuse Council, Respondents.

(406 S.E. (2d) 343)

Supreme Court

*John R. Harper, pro se.*

*William L. Todd* and *J. Robert Turnbull,* Columbia, *for respondents.*

Heard April 23, 1991.

Decided June 24, 1991.

*Per Curiam:*

Appellant John R. Harper, II, appeals from a circuit court order upholding the revocation of his provisional driver's license by Respondent South Carolina Department of Highways and Public Transportation (Highway Department). We affirm.

On April 4, 1989, appellant was convicted of driving under the influence, first offense. Subsequently, appellant was issued a provisional driver's license contingent upon successfully completing an Alcohol and Drug Substance Abuse Program (ADSAP) in which he had enrolled. On August 12, 1989, and September 30, 1989, respectively, while enrolled in ADSAP, the appellant was arrested for driving under the influence. On October 9, 1989, the Respondent Lexington/Richland Alcohol and Drug Abuse Council (Council) notified appellant that he had failed to successfully complete ADSAP due to the latter arrests. As a result, appellant's provisional license was revoked by the Highway Department.

The Council denied appellant's request for a hearing on his termination from ADSAP. The Highway Department denied appellant's request for a review and stay of the provisional license revocation. Appellant appealed to the circuit court seeking a hearing and restoration of his provisional license. The circuit judge ruled that the appellant was entitled to a hearing, but declined to reinstate appellant's provisional license pending the outcome of such a hearing.

On appeal to this Court,[1] appellant argues that Respondents Council and South Carolina Commission on Alcohol and Drug Abuse (Commission) lack authority to develop their own guidelines. We disagree.

S.C. Code Ann. § 44-49-10 (1976) authorizes the Commission to formulate, coordinate and administer the state plans. One of the requirements of S.C. Code Ann.

[1] Respondents did not appeal the circuit court order directing that appellant be afforded a hearing.

§ 56-1-1330 (1991) is that a provisional licensee successfully complete ADSAP. Clearly, Respondents Commission and Council were acting within the scope of statutory authority in formulating and applying their rules and regulations to the appellant. Likewise, Respondent Highway Department was in compliance with the applicable statutory provision when it revoked and declined to reinstate appellant's provisional license. *See Dixon v. Love*, 431 U.S. 105, 97 S. Ct. 1723, 52 L. Ed. (2d) 172 (1977).

For the foregoing reasons, the judgment of the circuit court is affirmed.[2]

---

[2] It was disclosed during the course of oral arguments that during pendency of this appeal, the appellant had been reinstated in ADSAP, had successfully completed the program, had his driving privileges restored, and had obtained his regular driver's license. Therefore, the issues presented to this Court may be moot. *Darden v. South Carolina Department of Highways and Public Transportation*, 291 S.C. 270, 353 S.E. (2d) 279 (1987). Nevertheless, we have addressed the merits of the case.